FILED
2024 Sep-30  AM 08:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
8/23/2024 1:18 PM
01-CV-2024-903343.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF ALABAMA

| | |
|---|---|
| THE CITY OF IRONDALE, ALABAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case Number: _____ |
| | ) |
| 3M COMPANY; DAIKIN AMERICA, | ) |
| INC., E.I. DUPONT DE NEMOURS AND | ) |
| COMPANY; DUPONT DE NEMOURS, | ) |
| INC.; CORTEVA, INC.; EIDP, INC. | ) |
| THE CHEMOURS COMPANY; | ) |
| THE CHEMOURS COMPANY FC, LLC; | ) |
| SCHOLAR CRAFT PRODUCTS, INC.; | ) |
| TRICON WEAR SOLUTIONS LLC; and | ) |
| GCP APPLIED TECHNOLOGIES, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff the City of Irondale, Alabama brings this action against the above-captioned

Defendants and set forth in detail the parties, facts, legal claims, and damages with particularity,

as follows:

## STATEMENT OF THE CASE

1.      This case arises out of the manufacture, sale, use, and discharge of per- and poly-

fluoroalkyl substances ("PFAS")[1] in commercial applications. This case does not arise out of the

---

[1] As used herein, "PFAS" refers to all perfluorinated compounds, perfluorochemicals, polyfluorochemicals, perfluoroalkyl substances, polyfluoroalkyl substances, related chemicals that degrade to PFAS, and any precursors to PFAS, including but not limited to, perfluorooctanoic acid ("PFOA"), perfluorooctane sulfonate ("PFOS"), GenX, HFPO-DA, NEtFOSAA, NMeFOSAA, PFBS, PFDA, PFDoA, PFHpA, PFHxS, PFNA, PFTrDA, PFTA, PFUnA, 11Cl0PF3OUdS, 9Cl-PF3ONS, ADONA, PFPeS, PFHpS, 4:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), 6:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), 8:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), PFBA, PFPeA, PFMBA, PFMPA, PFEESA, PTFE, and NFDHA.

use or discharge of Aqueous Film-Forming Foam ("AFFF") or any products used by, supplied to, or manufactured to the specifications of the federal government.

2.      For decades, some of the world's largest chemical companies have manufactured PFAS, a family of synthetic chemicals valued for their ability to repel oil and water and resist staining. Because of these commercially valuable properties, a number of industries, including carpet, textiles, paper, metal plating and finishing, electronics, and more, have purchased and used PFAS in their manufacturing processes.

3.      The same chemical properties that make PFAS so valuable to these industries are also what makes PFAS dangerous. PFAS are known by the Environmental Protection Agency ("EPA") and industrial users to be persistent in the environment, bio-accumulative in humans and animals, and toxic (referred to in the chemical industry as "PBT").

4.      It is because of their environment persistence and bio-accumulative nature that PFAS are commonly referred to as "forever chemicals."

5.      Conventional drinking water systems are incapable of removing these "forever chemicals" from water. As a result, PFAS pass through conventional drinking water systems into the environment and eventually the bloodstreams of the general public.

6.      The EPA has found that PFAS are likely to cause an array of adverse health and environmental effects, including but not limited to, low birth weight in children, miscarriage, and cancer.  The current scientific consensus is that there is no safe level of PFAS in drinking water.

7.      The Defendants in this case, which belong to a variety of different industries, have all caused or contributed to these toxic chemicals invading the Plaintiff's drinking water.

8.      The PFAS Manufacturer Defendants created and sold these chemicals to industries throughout the State of Alabama, with full knowledge of their products' pernicious effects and

likelihood of causing pollution to Plaintiff's water supply. Rather than taking efforts to warn or prevent this pollution, these Defendants actively concealed and withheld information from regulatory agencies, customers, and the general public, all the while causing these chemicals to continuously damage Plaintiff.

9.      The PFAS User Defendants purchased and used PFAS and products containing or degrading into PFAS in their industrial processes. These Defendants have continuously caused and permitted PFAS-contaminated waste to be discharged into the environment and surrounding areas from where Plaintiff collects its drinking water. These Defendants do not have authorization to discharge PFAS, and they knew or should have known that their use and discharge of PFAS would pollute Plaintiff's water and cause Plaintiff injury.

10.     All of these Defendants have known for years—sometimes decades—that PFAS should not be discharged via wastewater, stormwater, groundwater, or leachate to wastewater treatment plants or the environment.

11.     Nevertheless, the Defendants have jointly and continuously caused these "forever chemicals" to enter the Plaintiff's drinking water.

12.     Now, because of the PFAS pollution that Defendants have caused, Plaintiff must find a way to remove these harmful chemicals from its water in order to meet its obligations as public water providers, comply with federal regulations and guidelines, and most importantly, protect human health and the environment.

13.     Plaintiff, like most public water systems, does not have the treatment technology necessary to remove PFAS from raw water. Therefore, Plaintiff will be required to upgrade to costly and sophisticated new treatment technologies in order to remove Defendants' PFAS from its drinking water.

## JURISDICTION AND VENUE

14.    Jurisdiction is proper in this Court pursuant to Ala. Code § 12-11-30, because the Defendants' wrongful conduct has jointly and severally caused damage to the Plaintiff in Jefferson County, Alabama, exceeding $20,000.00 as alleged herein and Plaintiff will continue to suffer damages in Jefferson County in the future.  Plaintiff's real property which is the subject of this action is situated in Jefferson County, including the multiple wells and treatment facilities.

15.    The wrongful acts perpetrated by the Defendants which form the basis of this Complaint, including the ongoing and continuing trespass and the creation of an ongoing and continuing nuisance, that occurred and is still occurring in Jefferson County and that has injured and will continue to injure the Plaintiff in Jefferson County within the applicable statutes of limitations. The Defendants, jointly and severally, have caused ongoing and continuing damages to Plaintiff within the applicable statutes of limitations.

16.    Venue is proper in this Court pursuant to Ala. Code § 6-3-7, because (i) a substantial part of the events giving rise to this claim occurred in Jefferson County, (ii) a substantial part of the real property that is the subject of the action is situated in Jefferson County, Defendant Scholar Craft has its principal office in Jefferson County, and (iii) the Plaintiff resides in Jefferson County. Further, all Defendants are doing business by agent in Jefferson County.

## DISCLAIMER

17.    This lawsuit is brought under the laws of the State of Alabama. Plaintiff asserts no federal causes of action, invokes no federal statutes and seeks no relief that is based on any federal statute or laws. Any federal claims are expressly disclaimed.

18.    Complete diversity does not exist between Plaintiff and all Defendants. This case arises out of the manufacture, supply, use, and disposal of PFAS, and Plaintiff makes no claim that

the manufacture or use of AFFF in any way caused or contributed to its damages or the claims asserted in this lawsuit.

19.    Plaintiff expressly disclaims any cause of action or damages arising from or associated with AFFF manufacture, sale, use or disposal by the named Defendants, or by any unnamed defendant or entities, including any legal or factual claim based on alleged "MilSpec AFFF" as well as any potential claims arguably arising from any federal enclaves.

## NO CLASS ACTION PARTICIPATION

20.    Several Defendants in this case have been sued in other cases involving allegations of PFAS pollution to public water systems. In 2023, 3M and DuPont settled nationwide, multi-district, class-action claims related to the contamination of public water supplies with PFAS for approximately $10 billion and $1 billion, respectively. S*ee In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG (D.S.C.) ("*AFFF Litigation*").

21.    Prospective class members in the *AFFF Litigation* had the option of "opting out" of the 3M and DuPont settlements in order to pursue individual lawsuits against 3M and DuPont. Plaintiff validly and timely exercised its right to "opt out" of the *AFFF Litigation* Class Action Settlements with 3M and DuPont to pursue its claims in this lawsuit. Plaintiff has received confirmation from the Notice Administrator overseeing these settlements that its opt-out was in fact "compliant."

22.    On February 26, 2024, and March 29, 2024, Judge Richard Gergel, the United States District Court Judge for the District of South Carolina overseeing the *AFFF Litigation*, entered orders of final approval on the DuPont and 3M settlements, respectively. At no time has 3M, DuPont, or any other party raised objections to Plaintiff's decision to opt-out from the settlements.

- 5 -

## PARTIES

**I.     Plaintiff**

23.     Plaintiff The City of Irondale, Alabama (hereinafter "Plaintiff" or "Irondale"), located in Jefferson County, is a municipal corporation organized under the laws of the State of Alabama, which operates various departments to enhance the health, safety, and general well-being of its citizens.

24.     The Irondale Water System is a department of The City of Irondale, Alabama, that, among other responsibilities, provides drinking water to the citizens of Irondale, Alabama and to surrounding water customers outside the city limits of Irondale, Alabama. Plaintiff owns and operates multiple wells that draw water from the Banger and Fort Payne Aquifers.  Plaintiff owns these wells and the property surrounding the wells and enjoys rights to the water from these wells, as well as property rights over the water which it draws, treats, and sells to its customers.

25.     Plaintiff's water treatment facilities are incapable of removing or treating Defendants' PFAS to levels deemed safe by the federal government.

26.     Plaintiff has been and continues to be damaged due to the negligent, willful, and wanton conduct of the Defendants, as well as a result of the continuous nuisance and trespass caused by Defendants' past and present manufacture, use, purchase, sale, supply, discharge, and/or release of PFAS.

27.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, substantial economic and consequential damage, including but not limited to: past and future expenses associated with the testing and monitoring of PFAS contamination levels in Plaintiff's raw water and drinking water; past and future expenses associated with testing, monitoring, and installing temporary emergency filtration and pumping systems; pilot program

- 6 -

costs associated with permanent filtration systems capable of removing Defendants' PFAS from Plaintiff's drinking water; past and future costs associated with the purchase, installation, and operation of permanent filtration systems capable of removing Defendants' PFAS from Plaintiff's drinking water; costs associated with remediating Plaintiff's existing treatment and pumping facilities; damage to goodwill and reputation; and potential and/or actual lost revenue and sales. In addition, Plaintiff seeks past, present, and future engineering, operating, and maintenance costs.

28.     Plaintiff seeks compensatory and punitive damages to the fullest extent allowed by Alabama law. Plaintiff seeks compensatory damages for filtration equipment, piping, and adequate permanent facilities necessary to operate filtering systems sufficient to remove all PFAS from drinking water. Plaintiff also seeks abatement of the continuous nuisance and trespass caused by Defendants, as well as equitable and injunctive relief compelling the Defendants to remediate their contamination and prevent additional releases of PFAS and other toxic chemicals into Plaintiff's water supply.

## II.    Defendants

### A.    PFAS Manufacturers

29.     Defendant 3M Company ("3M") is a foreign corporation organized under the law of the State of Delaware and authorized to transact business in the State of Alabama. Through its manufacture and use of PFAS and related products, 3M is causing and contributing to a nuisance, trespass, and injury to Plaintiff in Jefferson County.

30.     Defendant Daikin America, Inc. ("Daikin") is a foreign corporation organized under the laws of the State of Delaware and authorized to transact business in the State of Alabama. Through its manufacture and use of PFAS and related products, Daikin is causing and contributing to a nuisance, trespass, and injury to Plaintiff in Jefferson County.

31.    Defendant E.I. du Pont de Nemours and Company is a foreign corporation organized under the laws of the State of Delaware and authorized to transact business in the State of Alabama.

32.    DuPont de Nemours, Inc. is a foreign corporation organized under the laws of the State of Delaware and does business in the State of Alabama.

33.    Corteva, Inc. is a foreign corporation organized under the laws of the State of Delaware and authorized to transact business in the State of Alabama.

34.    EIDP, Inc. is a foreign corporation organized under the laws of the State of Delaware and authorized to transact business in the State of Alabama.

35.    E.I. du Pont de Nemours and Company, Dupont de Nemours, Inc., Corteva, Inc. and EIDP, Inc. are hereinafter collectively referred to as "DuPont."  Through its manufacture and use of PFAS and related products, DuPont is causing and contributing to a nuisance, trespass, and injury to Plaintiff in Jefferson County.

36.    Defendant The Chemours Company ("Chemours") is a foreign corporation organized under the laws of the State of Delaware and authorized to transact business in the State of Alabama.

37.    The Chemours Company FC, LLC is a foreign limited liability company organized under the laws of the State of Delaware and authorized to transact business in the State of Alabama.

38.    The Chemours Company and The Chemours Company FC, LLC are hereinafter collectively referred to as "Chemours." Through its manufacture and use of PFAS and related products, Chemours is causing and contributing to a nuisance, trespass, and injury to Plaintiff in Jefferson County.

39.     The PFAS Manufacturers have operated in the past, and/or are currently operating, manufacturing facilities related to PFAS and products that contain or degrade into PFAS. The PFAS Manufacturers use PFAS as part of their manufacturing processes or otherwise supply PFAS or products that contain or degrade into PFAS to various industries.

40.     PFAS, and products that contain or degrade into PFAS, are manufactured and sold by the PFAS Manufacturers to the PFAS Users. These products are subsequently discharged both directly and indirectly into the environment and surrounding areas from where Plaintiff collects its drinking water in Jefferson County, Alabama. Defendants' discharges of PFAS have infiltrated the groundwater where Plaintiff obtains its drinking water.  As a direct result, Plaintiff's water supply has been contaminated.

41.     The PFAS Manufacturers have known for years that PFAS are harmful to human health and resistant to degradation or filtration by conventional treatment systems. The PFAS Manufacturers had full knowledge that the PFAS they manufactured and supplied to industrial users would invade the environment, groundwater and surrounding areas from where Plaintiff collects its drinking water via wastewater effluent and other discharges and ultimately contaminate the Plaintiff's drinking water supply.

42.     The PFAS Manufacturers have caused and contributed, and are still causing and contributing to, a continuous nuisance and trespass through their past and present manufacture, use, purchase, sale, supply, discharge, and/or release of PFAS and products that contain or degrade into PFAS.

**B.  PFAS Users**

43.     Defendant Scholar Craft Products, Inc. ("Scholar Craft") is a domestic corporation organized under the laws of the State of Alabama and authorized to transact business in the State

of Alabama. Through its manufacture and use of products containing and/or degrading into PFAS, Scholar Craft is causing and contributing to a nuisance, trespass, and injury to Plaintiff in Jefferson County. Scholar Craft formerly operated a furniture manufacturing plant 2451 1st Ave S, Irondale, AL 35210 in Jefferson County (the "Irondale Plant") and currently operates a plant at 1 Scholar Craft Pkwy, Birmingham, AL 35217 in Jefferson County (the "Tarrant Plant").

44.    From January of 1976 through October of 1995, United Chair Company, Inc. ("United Chair") engaged in welding, brazing, polishing, and electroplating operations at the Irondale Plant.

45.    In October of 1995, Irondale Manufacturing Company, Inc. ("IMC") purchased the site and the chromium electroplating operations from United Chair.

46.    In November of 1997, Meridian Furniture, Inc. ("Meridian") purchased the site from IMC.

47.    In August of 2002, Scholar Craft purchased the site from Meridian.

48.    Upon information and belief, the Irondale Plant discharged PFAS into water and the surrounding air due to the electroplating process involving nickel and chrome.

49.    Defendant Tricon Wear Solutions LLC ("Tricon") is a foreign limited liability company organized under the laws of the State of Delaware and authorized to transact business in the State of Alabama. Tricon currently owns and/or operates two manufacturing plants in Irondale, Alabama. Through its manufacture and use of products containing and/or degrading into PFAS, Tricon is causing and contributing to a nuisance, trespass, and injury to Plaintiff in Jefferson County.

50.    PFAS was commonly used in the metal plating industry for mist suppression, decorative chrome plating, electroplating, corrosion inhibitor, the reduction of mechanical wear,

- 10 -

abrasion resistance, a leveling agent, as wetting agents, and more. For example, PFAS was commonly used to suppress harmful fumes that were emitted during electroplating processes called hexavalent chrome-plating. In 2015, the United States Environmental Protection Agency banned the use of PFOS in chrome plating fume suppressants.

51.     Scholar Craft and Tricon have in the past and/or currently own and/or operate manufacturing facilities related to electroplating and metal fabrication, which have in the past and/or currently use PFAS in their manufacturing processes. These facilities are located above and/or adjacent to the groundwater source(s) where Plaintiff collects its drinking water.

52.     Defendant GCP Applied Technologies Inc. ("GCP") is a foreign corporation organized under the laws of the State of Delaware and authorized to transact business in the State of Alabama. GCP provides construction products that include "high-performance specialty construction chemicals and building materials." Through its manufacture and use of products containing and/or degrading into PFAS, GCP is causing and contributing to a nuisance, trespass, and injury to Plaintiff in Jefferson County.

53.     Industrial wastewater discharged in the past and/or currently from the PFAS Users' manufacturing facilities contains PFAS, which have invaded the environment and groundwater source(s) where Plaintiff collects its drinking water and ultimately contaminate Plaintiff's drinking water supply. In addition to discharging PFAS in industrial wastewater, the PFAS Users have also discharged PFAS by way of releases, leaks, and spills into stormwater drains which feed into local creeks, waterways, streams, rivers and/or groundwater.  Further, the PFAS Users have released PFAS into the air.

54.     The PFAS Users knew or should have known that PFAS are harmful to human health and the environment, and that their PFAS-contaminated waste streams would invade and persist in the environment, groundwater and Plaintiff's drinking water supply.

55.     The PFAS Users have caused and contributed, and are still causing and contributing, to a continuous nuisance and trespass through their past and present manufacture, use, purchase, sale, supply, discharge, and/or release of PFAS and products containing or degrading into PFAS.

## FACTUAL ALLEGATIONS

I.   **Defendants Have Known for Decades That "Long-Chain" PFAS are a Threat to Human Health and the Environment.**

56.     PFAS are man-made, synthetic chemicals used to impart oil-, water-, and stain-resistance to various products, including carpet, paper, and textiles. The same chemical properties that provide enhanced soil-resistant attributes also make PFAS resistant to degradation and persistent in the environment.

57.     PFAS are known to the EPA and the Defendants as "forever chemicals" because these man-made chemicals persist in the environment for extremely long periods and do not degrade like other chemicals. PFAS accumulate in the human body through the process of bioaccumulation. In fish and mammals, PFAS accumulate, build, and increase though biomagnification. PFAS also migrate through surface water and groundwater, allowing PFAS compounds to travel long distances while causing extensive contamination.

58.     Since PFAS do not degrade naturally and are synthetic "forever chemicals," PFAS released into the environment ten (10), twenty (20), or thirty (30) years ago will remain present and will continue causing pollution that is a threat to public health, unless removed by very specific filtration methods.

59.    Although there are thousands of chemical substances that fall under the PFAS umbrella, the two most notorious PFAS chemicals are perfluorooctane sulfonate ("PFOS") and perfluorooctanoic acid ("PFOA").

60.    PFOS and PFOA are considered "long-chain" PFAS (sometimes referred to as "C-8" chemistries), because they contain eight (8) fluorinated carbon atoms. Defendants knew that, because of the strong carbon-fluorine bond, PFOS and PFOA do not degrade naturally in the environment.

61.    According to the EPA, 3M was the sole manufacturer of PFOS in the United States and the principal manufacturer of PFOS worldwide. Upon information and belief, 3M supplied PFOS and/or products containing or degrading into PFOS to the PFAS Users for use in their manufacturing processes.

62.    DuPont, Daikin, and 3M all manufactured PFOA and/or products containing or degrading into PFOA. Upon information and belief, DuPont, Daikin, and 3M supplied PFOA and/or products containing or degrading into PFOA to the PFAS Users for use in their manufacturing processes.

63.    3M and DuPont began studying the toxicity of PFOS and PFOA as early as the 1950s and 1960s.

64.    By the 1970s, 3M and DuPont were aware that their products persisted indefinitely in the environment. 3M also learned during this time that PFOS was present in the blood of its employees and the general public.

65.    In the 1970s and 1980s, 3M began conducting animal studies to determine the possible carcinogenicity of PFAS chemicals. One such study, an investigation into the effects of PFOS on rhesus monkeys, had to be aborted prior to the conclusion of the study "[b]ecause of

unexpected early mortalities in all monkeys at all levels" of PFOS dosage. In 1978, a 3M interoffice correspondence concluded that "[r]ecent animal studies have shown that FC-95 [PFOS] is more toxic than was previously believed."

66.     By the 1980s and 1990s, 3M and DuPont were fully aware that PFOS and PFOA were toxic and persistent in the environment and that conventional treatment methods were ineffective at removing these pollutants. Nevertheless, the two companies actively hid their findings from regulators and the general public. In 1988, a 3M internal memo raised concerns that 3M had "perpetuate[d] the myth that these fluorochemical surfactants are biodegradable."

67.     In 1997, 3M prepared a Material Safety Data Sheet (MSDS) for a product containing PFAS. The MSDS contained the following warning:

CANCER:
   WARNING: Contains a chemical which can cause cancer. (3825-26-1)
   (1983 and 1993 studies conducted jointly by 3M and DuPont).

68.     This warning was removed from subsequent MSDSs.

69.     In the late 1990s, 3M began a comprehensive, multi-city investigation into the extent of its PFAS pollution. It found an unending cycle of pollution in which PFAS Manufacturers, PFAS Users, and Landfills all play a role in continuing the invasion of PFAS in drinking water.

70.     3M also concluded during this investigation that reverse osmosis is the only treatment method capable of removing all PFAS.

71.     In 1999, Richard Purdy, one of 3M's lead scientists on the multi-city study, resigned from his position due to his "profound disappointment in 3M's handling of the environmental risks associated with the manufacture and use of perfluorinated sulfonates (PFOS) . . . and its precursors."

72.     Mr. Purdy's letter, which was also sent to a representative of the EPA, further stated that PFOS "is the most insidious pollutant since PCB" and "more stable than many rocks."

73.     Following Mr. Purdy's letter, the EPA began an investigation into PFOS after receiving data that "PFOS was persistent, unexpectedly toxic, and bioaccumulative (PBT)." Federal Register/Vol. 68, 2003.

74.     During its subsequent investigation of 3M, the EPA disclosed that "following negotiations with EPA, 3M . . . announced that it will voluntarily phase out perfluorooctanyl sulfonate ("PFOS") chemistry." The EPA determined that PFOS was toxic and accumulated to a high degree in humans and animals. The EPA's preliminary risk assessment found unacceptable margins of exposure for workers and possibly the general population exposed to PFOS.

75.     The EPA concluded that "PFOS represents an unacceptable technology that should be eliminated to protect human health and the environment from potentially severe long-term consequences." Shortly thereafter, the EPA expanded its investigation to perfluorooctanoic acid (PFOA), stating "EPA was concerned in part because 3M had also found PFOA in human blood during the studies on PFOS."

76.     After 3M announced that it was withdrawing PFOS and PFOA from the market in 2000, DuPont and Daikin continued to manufacture and/or use PFOA with full knowledge that the substances had been withdrawn by 3M due to environmental and potential health risks to the public.

77.      Upon information and belief, the PFAS Users continued to purchase, use, and discharge PFOA and products containing or degrading into PFOA with full knowledge that the substances had been withdrawn by 3M due to environmental and potential health risks to the public.

- 15 -

78.    By 2006, the majority of an EPA Science Advisory Board expert committee had recommended that PFOA be considered "likely to be carcinogenic to humans." Similarly, an independent C-8 Science Panel identified kidney cancer and testicular cancer as having a "probable link" to PFOA exposure, based on epidemiological and other data in the Mid-Ohio Valley.

79.    Despite the growing awareness that PFOA was just as persistent, bio-accumulative, and toxic as PFOS, DuPont and Daikin continued to manufacture and supply PFOA and products containing and/or degrading into PFOA until at least 2015.

80.    All of the Defendants have known that PFOS and PFOA are toxic, persistent, and bioaccumulative. All of the Defendants have known that conventional drinking water treatment systems are incapable of removing PFOS and PFOA from water supplies. Nevertheless, the Defendants in this case supplied, used, purchased, and/or accepted PFOS and PFOA, and/or products containing or degrading into PFOS and PFOA, without using adequate care to prevent the contamination of Plaintiff's water supply.

81.    PFOS and PFOA manufactured, used, and discharged by the Defendants are still present at dangerously high levels in Plaintiff's drinking water supply. Many of these Defendants are still discharging wastewater, leachate, stormwater, and other types of discharges containing PFOS and PFOA into the environment contaminating the Plaintiff's groundwater supply to this day.

## II.    "Short-Chain" PFAS

82.    After 3M phased out "long-chain" PFAS, it began selling "short-chain" PFAS compounds (sometimes referred to as "C-6" and "C-4" chemistries), and/or products that contained or degraded into "short-chain" PFAS, to the PFAS Users.  DuPont and Daikin eventually converted to "short-chain" PFAS as well.

83.     In or around 2015, DuPont spun off its Performance Chemicals business line into a new company, Chemours, which continued selling and marketing "short-chain" PFAS, including but not limited to HFPO-DA (or "Gen-X").

84.     The "short-chain" PFAS compounds sold and/or used by the PFAS Manufacturers included and/or degraded into PFBS, PFBA, PFHxA, PFHxS, PFNA, PFPeA, Gen-X, and more.

85.     Defendants knew or should have known that that these "short-chain" PFAS compounds were just as toxic, persistent, and bioaccumulative as their "long-chain" predecessors. Defendants also knew or should have known that conventional drinking water treatment systems are incapable of removing "short-chain" PFAS from water supplies. Nevertheless, Defendants supplied, used, purchased, and/or accepted "short-chain" PFAS, and/or products containing or degrading into "short-chain" PFAS, without using adequate care to prevent the contamination of Plaintiff's water supply.

86.     Upon information and belief, Defendants continue to supply, use, purchase, accept, and/or discharge "short-chain" PFAS, and/or products containing or degrading into "short-chain" PFAS, without using adequate care to prevent the contamination of Plaintiff's water supply, to this day.

## III.    PFAS Regulations

87.     In 2009, the U.S. Environmental Protection Agency ("EPA") issued a Provisional Health Advisory for drinking water setting advisory levels of 400 parts per trillion ("ppt") for PFOA and 200 ppt for PFOS in drinking water.

88.     In May of 2016, EPA published a Lifetime Health Advisory for drinking water setting the levels at 70 ppt *combined* for PFOA and PFOS. This Health Advisory was based on "studies of the effects of PFOA and PFOS on laboratory animals" and "epidemiological studies to

- 17 -

human populations" which "indicate that exposure to PFOA and PFOS over certain levels may result in adverse health effects, including developmental effects to fetuses during pregnancy or to breastfed infants (e.g., low birth weight, accelerated puberty, skeletal variations), cancer (e.g., testicular, kidney), liver effects (e.g., tissue damage), immune effects (e.g., antibody production and immunity), thyroid effects and other effects (e.g., cholesterol changes)."

89.    In 2022, EPA updated the 2016 Health Advisory for PFOS and PFOA in drinking water, dramatically lowering the recommended limits to .02 ppt for PFOS and .004 ppt for PFOA. The EPA also set levels for two "short-chain" PFAS: PFBS and Gen-X.

90.    In March 2023, EPA proposed a National Primary Drinking Water Regulation ("NPDWR") to establish legally enforceable Maximum Contaminant Levels ("MCLs") for six PFAS in drinking water: PFOA, PFOS, PFBS, PFNA, PFHxS, and Gen-X.

91.    On April 10, 2024, EPA announced the final, enforceable NPDWR for these six PFAS.

92.    Under the NPDWR, public water systems, like Plaintiff's, will be required to monitor and report concentrations of PFAS in its drinking water. The NPDWR will also require public water systems to provide drinking water with no more than 4 ppt PFOS, 4 ppt PFOA, 10 ppt PFHxS, 10 ppt PFNA, or 10 ppt Gen-X.

93.    Moreover, the NPDWR will require that public water systems, like Plaintiff's, remove PFBS, PFNA, PFHxS, and Gen-X from its drinking water pursuant to a Hazard Index. Under this Hazard Index, *combined* concentrations of these compounds can constitute a violation even where each *individual* compound is lower than the MCL. By way of example, drinking water with 9 ppt Gen-X, 100 ppt PFBS, 4 ppt PFNA, and 3 ppt PFHxS would constitute a violation of the Hazard Index even though each individual concentration is below the MCL.

- 18 -

94.     In announcing these MCLs, EPA stated that it "expects that over many years the final rule will prevent PFAS exposure in drinking water for approximately 100 million people, prevent thousands of deaths, and reduce tens of thousands of serious PFAS-attributable illnesses." Pursuant to the NPDWR, EPA also established "health-based" Maximum Contaminant Level Goals ("MCLGs") for PFOA and PFOS at zero ppt.

95.     The EPA explained the decision-making process behind the MCLGs: "Following a systematic review of available human epidemiological and animal toxicity studies, EPA has determined that PFOA and PFOS are likely to cause cancer (e.g., kidney and liver cancer) and that there is no dose below which either chemical is considered safe."

96.     Finally, on April 19, 2024, the EPA formally designated PFOA and PFOS as "Hazardous Substances" under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERLCA"). According to the EPA, the designation of PFOA and PFOS as "Hazardous Substances" under CERCLA "is designed to ensure that those responsible for contamination pay to clean it up."

## IV.    PFAS POLLUTION IN AND AROUND PLAINTIFF'S WATER SUPPLY

97.     Plaintiff currently obtains its water from four (4) groundwater sources. These sources are known as Well 2, Well 5, Well 6, and Well 7.

98.     Plaintiff developed Well 2 in 1954 and it is located along the Banger Aquifer. The coordinates of Well 2 are 33°32'16.53"N 86°42'11.72"W with the nearest physical address being 2205 Third Avenue S, Irondale, Alabama 35210.

99.     Plaintiff developed Well 5 in 1976 and it is located along the Fort Payne Aquifer. The coordinates of Well 5 are 33°32'20.25"N 86°42'31.01"W with the nearest physical address being 1st Alley N, Irondale, Alabama 35210.

100.    Plaintiff developed Well 6 in 1996 and it is located along the Fort Payne Aquifer. The coordinates of Well 6 are 33°32'9.37"N 86°42'49.84"W with the nearest physical address being YMCA Way, Irondale, Alabama 35210.

101.    Plaintiff developed Well 7 in 2014 and it is located along the Fort Payne Aquifer. The coordinates of Well 7 are 33°32'26.99"N 86°42'21.03"W with the nearest physical address being 108 22nd Street N, Irondale, Alabama 35210.

102.    Testing has detected PFAS contamination in all the City's wells.

103.    The City's existing water treatment infrastructure consists of a single clear well on a 0.95-acre parcel.

104.    PFAS pollution caused by the Defendants has jeopardized the safety of Plaintiff's groundwater source(s) as an ongoing source of drinking water for the residents of Irondale.

105.    The PFAS Users operate manufacturing facilities that in the past and/or currently discharge PFAS into the environment and surrounding areas, contaminating the groundwater, directly, indirectly and/or via PFAS-contaminated industrial wastewater discharges and air discharges. These PFAS were in the past, and in some cases still today, manufactured and sold by the PFAS Manufacturers.

106.    Defendants have known or should have known that PFAS cannot be removed by conventional wastewater treatment methods and that the Defendants' PFAS-contaminated wastewater passes directly through the wastewater treatment system and back into the environment and groundwater in Irondale.

107.    In addition to the aforementioned PFAS discharges, Defendants have also discharged PFAS into the environment, groundwater and surrounding areas by way of stormwater and groundwater discharges.

- 20 -

108.    As a result of Defendants' manufacture, use, disposal, and discharge of PFAS and/or products and waste that contain or degrade into PFAS, dangerously high levels of PFAS have been detected in Plaintiff's water supply. The levels of PFAS detected far exceed EPA's most recent Health Advisory and proposed Maximum Contaminant Levels and Maximum Contaminant Level Goals.

109.    Plaintiff has sampled its drinking water wells on multiple occasions and has found levels of PFOS and PFOA as high as 61 ppt and 9.6 ppt, respectively.

110.    Because of their persistence and bioaccumulation, PFAS discharged into Plaintiff's water source(s) five (5), ten (10), or even twenty (20) years ago are still present in Plaintiff's water supply and still impacting Plaintiff's ability to provide clean drinking water to its customers. These "forever chemicals" will continue to pollute Plaintiff's water supply for generations to come—unless and until they are removed through very specific filtration methods.

111.    Scientific experts, including several of the Defendants' own scientists and consultants, agree that PFOS and PFOA do not readily degrade and will remain in the environment for centuries.

112.    Because Plaintiff's water treatment system, like most water treatment systems in the country, is incapable of removing PFAS, Plaintiff's raw and finished water both contain levels of "forever chemicals" much higher than that which is allowed by EPA under the 2022 Health Advisory and the 2024 National Primary Drinking Water Regulation.

## <u>COUNT I – NEGLIGENCE</u>

113.    Plaintiff incorporates all prior paragraphs by reference as if fully set forth and restated herein.

114.    Defendants owed a duty to Plaintiff to exercise reasonable care in their manufacturing procedures and waste-handling and disposal operations to prevent the PFAS contamination of the Plaintiff's water supply and water treatment system and related property.

115.    As described in detail above, Defendants breached their duty to exercise due care and reasonable care owed to Plaintiff. The Defendants' breaches of their duties to Plaintiff constitute negligent, willful, and/or reckless conduct.

116.    As a direct, proximate, and foreseeable result of Defendants' conduct, practices, actions, and omissions, Plaintiff has been damaged and has incurred expenses and will continue to incur expenses in the future.

WHEREFORE, Plaintiff demands judgment for compensatory damages against all Defendants, jointly and severally, in an amount to be determined by struck jury in an amount in excess of the jurisdictional minimum of this Court, including past and future damages, plus interest in all recoverable costs.

## COUNT II – PUBLIC NUISANCE

117.    Plaintiff realleges all prior paragraphs as if fully restated and set forth herein.

118.    Defendants have created a public nuisance by failing to prevent the contamination of the groundwater where Plaintiff obtains its drinking water and, as a direct result, Plaintiff's water supply, water treatment system, and related property with Defendants' PFAS, thereby causing Plaintiff hurt, inconvenience, and harm. The nuisance is ongoing.

119.    The contamination of Plaintiff's water supply, water treatment system, and related property constitutes a public nuisance, which has caused Plaintiff damages that are separate and distinct from those faced by the general public, including but not limited to: expenses associated with testing, monitoring, installing, maintaining, and operating filtration systems; costs associated

with remediating Plaintiff's existing treatment facilities; damage to goodwill and reputation; and lost revenue and sales.

120.    In addition to the special damages suffered by Plaintiff, the Defendants' PFAS contamination has created a condition that threatens the health and well-being of residents of Irondale, Alabama, including Plaintiff's customers.

121.    It was reasonably foreseeable, and in fact known to Defendants, that their actions would contaminate, and have contaminated, the water at Plaintiff's groundwater wells. The nuisance has caused substantial damage and will continue to cause damages until Plaintiff receives compensatory damages for the necessary improvements of filtration technology that will allow for the removal of PFAS from Plaintiff's water supply.

WHEREFORE, Plaintiff demands judgment for compensatory damages against all Defendants, jointly and severally, in an amount to be determined by a struck jury in an amount in excess of the jurisdictional minimum of this Court, past and future, plus interest and costs.

## COUNT III – PRIVATE NUISANCE

122.    Plaintiff re-alleges all prior paragraphs as if set forth fully herein.

123.    Defendants have created a nuisance by their failure to prevent the contamination of PFAS in the Plaintiff's water supply, thereby causing Plaintiff hurt, inconvenience, and harm.

124.    The contamination of the water at Plaintiff's groundwater wells, treatment system, and related property constitutes a private nuisance depriving Plaintiff of its ability to deliver clean and uncontaminated water to its customers. The nuisance is ongoing.

125.    It was reasonably foreseeable, and in fact known to Defendants, that their actions would contaminate, and have contaminated, the water at Plaintiff's groundwater wells. The nuisance has caused substantial damage and will continue to cause damages until Plaintiff receives

compensatory damages for the necessary improvements of filtration technology that will allow for the removal of PFAS from Plaintiff's water supply.

WHEREFORE, Plaintiff demands judgment for compensatory damages against all Defendants, jointly and severally, in an amount to be determined by a struck jury in an amount in excess of the jurisdictional minimum of this Court, past and future, plus interest and costs.

## COUNT IV – TRESPASS

126.    Plaintiff re-alleges all prior paragraphs as if set forth fully herein.

127.    Plaintiff owns and occupies property used to serve its water customers, including a water treatment system, water distribution system, and offices. Plaintiff also has a possessory interest in the groundwater where Plaintiff withdraws its drinking water in order to treat and sell to its customers.

128.    Defendants' intentional acts in failing to contain the discharge of PFAS, knowing that they would contaminate Plaintiff's water supply, caused an invasion of Plaintiff's possessory interest in its property by Defendants' chemicals, which has affected and is affecting Plaintiff's interest in the exclusive possession of its property.

129.    Plaintiff did not consent to the invasion of its property by Defendants' chemicals.

130.    Defendants knew or should have known that their PFAS would contaminate the water supply and result in an invasion of Plaintiff's possessory interest in its property.

131.    Defendants' trespass is continuing.

132.    Defendants' continuing trespass has impaired Plaintiff's use of its property and has caused Plaintiff substantial damages.

WHEREFORE, Plaintiff demands judgment for compensatory damages against all Defendants, jointly and severally, in an amount to be determined by a struck jury in an amount in excess of the jurisdictional minimum of this Court, past and future, plus interest and costs.

## <u>COUNT V – WANTONNESS AND PUNITIVE DAMAGES</u>

133.    Plaintiff re-alleges all prior paragraphs as if restated herein.

134.    Defendants owed a duty to Plaintiff to exercise due and reasonable care in their manufacture, distribution, supply, sales, and/or waste handling and disposal of PFAS to users throughout the State of Alabama and to prevent the discharge of PFAS into the water supply.

135.    In breaching the duties described above, Defendants acted in a wanton, willful, and reckless manner.

136.    Defendants knew or should have known the danger to Plaintiff created by Defendants' conduct, practices, actions, and inactions.

137.    Defendants knew or should have known of the likely impact, harm, damage, and injury their conduct would have on Plaintiff.

138.    Defendants' conduct, practices, and inactions evidence Defendants' reckless disregard of the known risk of harm to Plaintiff.

WHEREFORE, Plaintiff demands judgment for punitive damages against all Defendants, jointly and severally, in an amount to be determined by a struck jury in an amount in excess of the jurisdictional minimum of this Court, past and future, plus interest and costs.

## RELIEF DEMANDED

Wherefore, Plaintiff respectfully requests this Court grant the following relief:

a)      Award Plaintiff damages in an amount to be determined by a jury sufficient to compensate Plaintiff for past and future damage, out-of-pocket expenses, and lost profits and sales;

b)      Issue an injunction requiring Defendants to abate their nuisance and/or otherwise remove their chemicals from Plaintiff's water supply and to prevent these chemicals from continuing to contaminate Plaintiff's water supply;

c)      Award punitive damages;

d)      Award attorney fees and costs and expenses incurred in connection with the litigation of this matter; and

e)      Award such other and further relief as this Court may deem just, proper, and equitable.

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

Respectfully submitted this 23rd day of August 2024.

**FRIEDMAN, DAZZIO & ZULANAS, P.C.**

3800 Corporate Woods Drive
Birmingham, AL 35242
Phone: 205-278-7000
mconn@friedman-lawyers.com
lpatterson@friedman-lawyers.com
mgitschier@friedman-lawyers.com
ewright@friedman-lawyers.com

_/s/ Matt Conn_____
MATT CONN (CON062)
LEE PATTERSON (PAT060)
MADISON GITSCHIER (GIT002)
ETHAN WRIGHT (WRI082)
**Counsel for Plaintiff**

**WALLACE JORDAN**

| | |
|---|---|
| Synovus Center | */s/ April B. Danielson (signed with permission)* |
| 800 Shades Creek Parkway, Suite 400 | APRIL B. DANIELSON (DAN030) |
| Birmingham, AL 35209 | KIMBERLY R. WEST (WES008) |
| Phone: 205-870-0555 | LAUREN C. BRASHER (BRA178) |
| adanielson@wallacejordan.com | **Counsel for Plaintiff** |
| kwest@wallacejordan.com | |
| lbrasher@wallacejordan.com | |

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT:**

3M COMPANY
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

DAIKIN AMERICA, INC.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

E.I. DUPONT DE NEMOURS AND COMPANY
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

DUPONT DE NEMOURS, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CORTEVA, INC.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

EIDP, INC.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

THE CHEMOURS COMPANY
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

THE CHEMOURS COMPANY FC, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

SCHOLAR CRAFT PRODUCTS, INC.
c/o Kenneth Goode
#1 Scholar Craft Parkway
Birmingham, AL 35217

TRICON WEAR SOLUTIONS LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

GCP APPLIED TECHNOLOGIES, INC.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-903343.00 |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**THE CITY OF IRONDALE, ALABAMA V. 3M COMPANY ET AL**

**NOTICE TO:** 3M COMPANY, C/O CORP SERVICE COMPANY 641 SOUTH LAWRENCE ST, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MATTHEW DAVID CONN,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3800 CORPORATE WOODS DR, BIRMINGHAM, AL 35242.

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

THE CITY OF IRONDALE, ALABAMA
*(Name(s))*

08/23/2024          /s/ JACQUELINE ANDERSON  SMITH          By:
*(Date)*                *(Signature of Clerk)*                      *(Name)*

☑ Certified Mail is hereby requested.          /s/ MATTHEW DAVID CONN
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*
☐ Return receipt of certified mail received in this office on _____.
*(Date)*

*Personal/Authorized*
☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____.
*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:
☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*
☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*
☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-903343.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### THE CITY OF IRONDALE, ALABAMA V. 3M COMPANY ET AL

**NOTICE TO:** DAIKIN AMERICA, INC., C/O CT CORP SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MATTHEW DAVID CONN

,
*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3800 CORPORATE WOODS DR, BIRMINGHAM, AL 35242

.
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

THE CITY OF IRONDALE, ALABAMA

*[Name(s)]*

| 08/23/2024 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ MATTHEW DAVID CONN

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on

.
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in                    County, Alabama on                    .

*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

in                    County, Alabama on                    who is:

*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*          *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*          *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-903343.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## THE CITY OF IRONDALE, ALABAMA V. 3M COMPANY ET AL

**NOTICE TO:** E.I. DUPONT DE NEMOURS AND COMPANY, C/O CT CORP SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MATTHEW DAVID CONN

,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3800 CORPORATE WOODS DR, BIRMINGHAM, AL 35242

.

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

THE CITY OF IRONDALE, ALABAMA

*(Name(s))*

| 08/23/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ MATTHEW DAVID CONN

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on

.

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-903343.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## THE CITY OF IRONDALE, ALABAMA V. 3M COMPANY ET AL

**NOTICE TO:** DUPONT DE NEMOURS, INC., C/O THE CORP TRUST CO 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MATTHEW DAVID CONN                                                                                      ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3800 CORPORATE WOODS DR, BIRMINGHAM, AL 35242                              .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

THE CITY OF IRONDALE, ALABAMA

*[Name(s)]*

| 08/23/2024 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ MATTHEW DAVID CONN

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on                              .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____.

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |
|---|---|---|

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |
|---|---|---|

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-903343.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## THE CITY OF IRONDALE, ALABAMA V. 3M COMPANY ET AL

**NOTICE TO:** CORTEVA, INC., C/O CT CORP SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MATTHEW DAVID CONN ,

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3800 CORPORATE WOODS DR, BIRMINGHAM, AL 35242 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

THE CITY OF IRONDALE, ALABAMA

*[Name(s)]*

| 08/23/2024 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ MATTHEW DAVID CONN

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in County, Alabama on .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

in County, Alabama on who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-903343.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## THE CITY OF IRONDALE, ALABAMA V. 3M COMPANY ET AL

**NOTICE TO:** EIDP, INC., C/O CT CORP SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MATTHEW DAVID CONN                                                                            ,

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3800 CORPORATE WOODS DR, BIRMINGHAM, AL 35242                          .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

THE CITY OF IRONDALE, ALABAMA

*[Name(s)]*

| 08/23/2024 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ MATTHEW DAVID CONN

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*          *(Name of County)*                              *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*          *(Name of County)*                              *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*          *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*          *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-903343.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## THE CITY OF IRONDALE, ALABAMA V. 3M COMPANY ET AL

**NOTICE TO:** THE CHEMOURS COMPANY, C/O CT CORP SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MATTHEW DAVID CONN

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3800 CORPORATE WOODS DR, BIRMINGHAM, AL 35242

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

THE CITY OF IRONDALE, ALABAMA

*[Names(s)]*

| 08/23/2024 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ MATTHEW DAVID CONN

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-903343.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## THE CITY OF IRONDALE, ALABAMA V. 3M COMPANY ET AL

**NOTICE TO:** THE CHEMOURS COMPANY FC, LLC, C/O CT CORP SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MATTHEW DAVID CONN                                                                                              ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3800 CORPORATE WOODS DR, BIRMINGHAM, AL 35242                                   .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

THE CITY OF IRONDALE, ALABAMA

*(Name(s))*

| 08/23/2024 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ MATTHEW DAVID CONN

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| | | |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-903343.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## THE CITY OF IRONDALE, ALABAMA V. 3M COMPANY ET AL

**NOTICE TO:** SCHOLAR CRAFT PRODUCTS, INC, C/O KENNETH GOODE #1 SCHOLAR CRAFT PARKWAY, BIRMINGHAM, AL 35217

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MATTHEW DAVID CONN

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3800 CORPORATE WOODS DR, BIRMINGHAM, AL 35242 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

THE CITY OF IRONDALE, ALABAMA

*[Name(s)]*

| 08/23/2024 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ MATTHEW DAVID CONN

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-903343.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## THE CITY OF IRONDALE, ALABAMA V. 3M COMPANY ET AL

**NOTICE TO:** TRICON WEAR SOLUTIONS, LLC, C/O CORP SERVICE COMPANY 641 S LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MATTHEW DAVID CONN                                                                                            ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3800 CORPORATE WOODS DR, BIRMINGHAM, AL 35242                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

THE CITY OF IRONDALE, ALABAMA

*[Name(s)]*

| 08/23/2024 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ MATTHEW DAVID CONN

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| | | |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama Unified Judicial System Form C-34  Rev. 7/2023 | SUMMONS - CIVIL - | Court Case Number 01-CV-2024-903343.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## THE CITY OF IRONDALE, ALABAMA V. 3M COMPANY ET AL

**NOTICE TO:** GCP APPLIED TECHNOLOGIES, INC., C/O CT CORP SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MATTHEW DAVID CONN                                                                                          ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3800 CORPORATE WOODS DR, BIRMINGHAM, AL 35242                           .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

THE CITY OF IRONDALE, ALABAMA

*(Name(s))*

| 08/23/2024 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ MATTHEW DAVID CONN

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on                                        .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____.

*(First and Last Name of Person Served)*     *(Name of County)*                          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*                          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____     _____     _____
*(Type of Process Server)*          *(Server's Signature)*              *(Address of Server)*

_____     _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

_____     _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*